# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NAVIN BABOOLAL**
        Petitioner,

    v.                                     Case No. 08-C-696
                                              (Criminal Case No. 05-CR-215)

**UNITED STATES OF AMERICA**
        Respondent.

## MEMORANDUM

On May 24, 2007, I sentenced petitioner Navin Baboolal, a Canadian national, to five years in prison on his guilty plea to a wire fraud charge. In the judgment, I recommended that the Bureau of Prisons ("BOP") place petitioner at an institution in Florida[1] and consider transferring him to a Canadian prison for service of his sentence.

On August 15, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenged the manner in which the BOP was executing his sentence. He further claimed that the BOP miscalculated good time, and that Immigration and Customs Enforcement ("ICE") would hold him administratively past the end of his sentence before removing him to Canada. He requested an order either requiring the BOP and ICE to treat him fairly, or reducing his sentence on account of these new factors. The case was randomly assigned to another judge in this district, but he transferred it to me as the sentencing judge. I ordered the government to respond and permitted petitioner to reply. The matter is now fully briefed.

---

[1]Petitioner indicated that placement in Florida would best facilitate family contact.

**I.**

A federal prisoner challenging the validity of his conviction or sentence generally must do so under 28 U.S.C. § 2255. See, e.g., Unthank v. Jett, 549 F.3d 534, 534 (7th Cir. 2008). Only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" may the prisoner use § 2241 for this purpose. See 28 U.S.C. § 2255(e); see also Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007). Section 2255 motions are brought before the original sentencing court. See United States v. Prevatte, 300 F.3d 792, 796 (7th Cir. 2002).

If, on the other hand, the prisoner challenges the execution of his sentence, he generally must do so under 28 U.S.C. § 2241. See Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). A § 2241 petition, even when brought by way of the so-called "savings clause" of § 2255(e), "must be filed 'in the district of confinement . . . , not the district where the case was tried.'" Prevatte, 300 F.3d at 799 n.2 (quoting Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001)).

**II.**

Petitioner raises various claims, which generally pertain to the manner in which the BOP is executing his sentence. First, petitioner states that contrary to his expectations and my recommendations the BOP has not housed him at a minimum security facility or camp, or transferred him to a Canadian prison. Petitioner indicates that he was advised by his counsel that he would likely receive these benefits, as well as pre-release for either re-integration into the community or repatriation to Canada.[2] However, because he is not a U.S. citizen, the BOP has confined him in a secure, private, contract facility in Georgia, which offers no pre-release

---

[2]Petitioner makes no attempt to withdraw his plea based on such representations. In fact, he specifically disavows any such intent. (Petition at 2.)

2

or educational opportunities and no ability to secure a transfer to Canada.

Second, petitioner indicates that non-citizen prisoners serve more than 85% of their sentences and are not granted community correctional release or other educational and programming opportunities afforded citizens. He further contends that, under ICE and BOP policy, foreign prisoners are held in secure facilities and face lengthy administrative detention after completing their sentences and awaiting removal, for which they do not receive sentence credit. He asks me to either order ICE to repatriate him immediately after completion of his sentence or to adjust his sentence downward to account for the anticipated time spent in administrative custody. He also notes that in December 2002 the BOP sharply restricted use of community correctional centers; as a remedy, he asks me to order the BOP to give him halfway house time or, in the alternative, adjust his sentence downward.

Third, petitioner indicates that the BOP improperly calculates good time credits. Petitioner acknowledges that the Seventh Circuit upheld the BOP's method in White v. Scibana, 390 F.3d 997 (7th Cir. 2004), but indicates that subsequent Supreme Court decisions call the Seventh Circuit's reasoning into question. He asks that I order the BOP to award him 15% good time credit or in the alternative modify his sentence to account for the difference.

Finally, petitioner asks me to adjust his sentence to account for new factors not known at the time of sentencing and which frustrate the court's original intent. He points to the changes in BOP policy as new factors.

**III.**

Petitioner's claims relating to the execution of his sentence, including those regarding prison placement, consideration for transfer or community release, and good time credits, should be heard in the Southern District of Georgia, where petitioner is confined. The

3

sentencing court lacks jurisdiction to consider a § 2241 petition raising such challenges. See United States v. Mittelsteadt, 790 F.2d 39, 41 (7th Cir. 1986); Coates v. Smith, 746 F.2d 393, 396 (7th Cir. 1984). The sentencing court also generally lacks jurisdiction to modify or reduce a sentence to account for such post-sentencing events. See, e.g., Dishmey v. United States, 929 F. Supp. 551, 553 (D.P.R. 1996) (holding that prisoner could not via motion to vacate sentence filed in sentencing court challenge the BOP's policies regarding deportable aliens); see also Romandine v. United States, 206 F.3d 731, 735-36 (7th Cir. 2000) (discussing strict limits on sentence modification). Pursuant to 28 U.S.C. § 1631, the district court may in the interest of justice transfer a case to the proper district in order to cure want of jurisdiction. Petitioner asks that, if I find a lack of jurisdiction, I transfer the case rather than dismissing it.[3]

Petitioner's claim that subsequent events subverted my original sentencing plan could be cognizable under § 2255.[4] Defendants have a due process right to a fair sentencing procedure, which includes the right to be sentenced on the basis of accurate information. United States v. Rone, 743 F.2d 1169, 1171 (7th Cir.1984). Courts have granted § 2255 relief in the narrow circumstance where the sentencing court relied on false information in imposing sentence. E.g., Pearson v. United States, 265 F. Supp. 2d 973, 975 (E.D. Wis. 2003). In

---

[3]Petitioner's claim regarding pre-release into the community may be on somewhat different footing than his other claims. Under Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004), a prisoner's challenge to the BOP's interpretation of 18 U.S.C. § 3624(c) should be brought under the APA rather than § 2241. Petitioner notes that Richmond has been criticized by other courts, but it remains the law in this circuit. Petitioner asks that rather than dismissing this claim I transfer it and/or permit an amended filing under the APA. Petitioner's claim regarding post-sentence administrative detention by ICE appears to be premature.

[4]I agree with the government that, generally speaking, the court may not modify a sentence based on new factors or changed circumstances. See 18 U.S.C. § 3582. However, as explained in the text, § 2255 permits a narrow exception based on due process.

4

Pearson, for instance, I granted § 2255 relief where the BOP, prior to sentencing, specifically advised that it would honor my recommendation that the defendant be placed in a community correctional center. I relied on that advice in imposing sentence, but the BOP then denied community placement based on a change in its policy. Id. at 975-84.[5]

No similar bait and switch occurred here. I made certain recommendations as to petitioner's prison placement and opportunity for a treaty transfer, but I (and the parties) understood that the BOP was not obliged to honor those recommendations. Further, the policies about which petitioner complains were, unlike in Pearson, long in existence at the time I imposed this sentence. No false or misleading information, or misapprehension about the manner in which the BOP would execute the sentence, materially influenced the sentencing decision. Thus, it does not appear that petitioner can show a due process violation supporting § 2255 relief.

**IV.**

Before entering a dismissal or transfer order in this case, I will conduct a status conference with the parties. **THEREFORE, IT IS ORDERED** that this matter is scheduled for telephonic status on **Monday, April 13, 2009, at 4:00 p.m.** The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[5] I sentenced Pearson in October 2002, and the new policy on community correctional centers, about which petitioner also complains in this case, went into effect in December 2002.

5